# Curtis J. Farber

Attorney At Law

350 Broadway, 10th Floor
New York, NY 10013
Tel: (212) 334-4466
Fax: (212) 226-3224
curtisfarber@mindspring.com

September 19, 2007

Hon. Kevin Nathaniel Fox
US District Court – SDNY
500 Pearl Street
New York, New York 10007

**BY ECF and Regular Mail**

RE: USA v. Derrick Kee
07 Cr. 404 (KNF)

Dear Judge Fox:

As requested by Your Honor, I am writing to advise you as to the implications a potential jail sentence in this matter would have on Mr. Kee's Kings County drug treatment program case. In search of the requested information, I appeared yesterday in Kings County Supreme Court, as Mr. Kee's case was on for an update. I was advised that Mr. Kee was doing well and that it is expected that he will soon graduate from the drug program. His case was calendared for November 8, 2007 for dismissal.[1]

At the September 10, 2007 hearing in this matter, Your Honor commended Mr. Kee for turning his life around. As Your Honor noted, Mr. Kee is an honorably discharged veteran and his criminal history can be directly attributed to his narcotics addition. With the assistance of the Kings County District Attorney's Office TASC program and the Veterans Administration, Mr. Kee has overcome his addiction and is once again a productive member of society. He has obtained gainful employment, obtained an apartment and otherwise reintegrated himself into society. He does not present as a danger to the community and the prospect of recidivism is negligible.

Addressing the factors set forth in 18 U.S.C. § 3553(a), I note the following:

---

[1] As I indicated in court on September 10, 2007, upon successful completion of the drug program, Mr. Kee is entitled to withdraw his guilty plea in the narcotics possession case and move jointly with the prosecution to dismiss the underlying indictment in the interest of justice.

1

a. **The nature and circumstances of the offense:** Mr. Kee committed the instant offense in October 2005, prior to his arrest in Kings County for narcotics possession, and accordingly, prior to his entry into the drug program. Mr. Kee committed the offense to feed his drug habit. He is truly remorseful of his actions and upon his arrest two years later, was fully cooperative with the Government. He diligently attempted to assist the Government's investigation with respect to the source of the checks he cashed, including candidly discussing his own involvement with the investigating agents and the United States Attorney's Office. For reasons unrelated to Mr. Kee, the Government was not able to continue its pursuit of is investigation.

b. **The history and characteristics of the defendant:** Mr. Kee's personal characteristics were previously presented to this Court. In short, Mr. Kee was born on September 7, 1957 in Brooklyn, New York. He was an only child and raised by a single parent, his mother Olivia Kee both in New York and North Carolina. He received his GED and thereafter attended school for Medical Billing/Medical Secretary. Mr. Kee enlisted in the United States Marine Corps in November 1974 at age 17 and was received an Honorable Discharge in 1978. Thereafter he worked at various jobs, including at Downstate Hospital and Getty Images, both positions as a billing specialist. An addiction to narcotics interrupted his otherwise law abiding life and led him down a steep spiraling path from which he was unable to escape without assistance. This assistance came in the form of a court mandated drug program.

As the previously provided letters from the Mr. Kee's program director attests, Mr. Kee has turned his life around. Not only has he embraced the program and maintained sobriety, he has become a productive member of society. Presently Mr. Kee is employed at Atlantis Rehabilitation and Residential Healthcare Facility in Brooklyn, New York as a medical administrative assistant. Mr. Kee relates that he is proud to be involved in a project that gives him a chance to once again become a productive member of society, and that he is "thankful for an opportunity to regain his self dignity and reclaim his position in life as one that can make a difference".

c. **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense:** There is no doubt that Mr. Kee's committed the charged offense is serious. The fact that he was addicted to narcotics at the time he committed the offense is not being offered as an excuse, but rather only as an explanation. Unlike many others, Mr. Kee however has addressed and corrected his narcotics problem and has sought to assist the government to correct the situation in which he was involved by providing information concerning the source of the subject checks.

It is submitted that in a society that cherishes the situation where an individual seeks to undo the harm he caused in committing an offense. Further, it is in society's interest to have an addict clean himself up and once again live a productive and law abiding life.

d. **The need for the sentence imposed to afford adequate deterrence to criminal conduct:** There is little likelihood that Mr. Kee will ever commit another offense. He has been literally re-born, committed to stay away from any controlled substance in the future.

e. **The need for the sentence imposed to protect the public from further crimes of the defendant:** Given Derrick Kee's personal character and personal remorsefulness, there is no reason to suspect that the public needs to be protected from any further crimes that may be committed by him.

f. **The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner:** Derrick Kee is now in the after care segment of his program. As such, he has secured employment and housing. He has once again reintegrated into society. There is no denying that this is a fragile period of his life, and he and society would both be best served if his reintegration was not interrupted, both in his counseling, and also by the loss of his housing and employment. Furthermore, the best vocational training and drug counseling available to Mr. Kee is provided in his present setting.

g. **The kinds of sentences available and the sentencing range:** This Court has the authority to sentence Derrick Kee to term of probation, home confinement, imprisonment up to one year and/or a combination thereof. Additionally, Mr. Kee could be fined to a maximum of $100,000.00. The United States Probation Department has recommended a sentence of time served and one year supervised release, to include 4 months of home confinement.

h. **Any pertinent policy statement issued by the Sentencing Commission:** There are no pertinent policy statements for any particular sentence herein. In imposing a sentence, this Court may be guided by the policy statement prescribed in U.S.S.G §§ 5K2.0.

i. **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:** Mr. Kee's background and rehabilitation are unique and therefore would be a basis to sentence him different from that of defendants with similar records.

j. **The need to provide restitution to any victims of the offense:** Restitution is required in this case.

3

Thank you.

Very truly yours,

Curtis Farber